IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF ALABAMA
                              SOUTHERN DIVISION

GREGORY L. DANIELS,                 *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 *   CIVIL ACTION 08-00399-CG-B
                                    *
MICHAEL J. ASTRUE,                  *
Commissioner of                     *
Social Security,                    *
                                    *
     Defendant.                     *

                         **REPORT AND RECOMMENDATION**

Plaintiff Gregory L. Daniels ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for period of disability and disability income benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 416 et seq. This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record and memoranda of the parties, it is it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED.**

I.   **Procedural History**

Plaintiff filed his current application for disability benefits on April 3, 2004, alleging disability since March 31, 1992 due to post traumatic stress disorder ("PTSD"), diabetes, hypertension and depression. (Tr. 25, 44-46). Plaintiff's earnings record shows that he has sufficient quarters of coverage

to remain insured through March 31, 1992 (his "date last insured"), and that he was insured through that date. (Tr. 49). His application was initially denied on July 2, 2004, and he filed a request for a hearing before an Administrative Law Judge ("ALJ") (Tr. 24-25, 31). On January 4, 2006, ALJ James D. Smith ("ALJ Smith") held an administrative hearing which was attended by the Plaintiff. (Tr. 476-483). On June 7, 2006, ALJ Smith issued an unfavorable decision. (Tr. 10-19). Plaintiff appealed the decision, and on May 14, 2008, the Appeals Counsel ("AC") denied Plaintiff's request for review. Thus, the ALJ's decision became final (Tr. 4-6). Plaintiff then filed the instant action which the parties agree is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. § 405(g).

Plaintiff initiated this action by filing a Veterans Administration (hereinafter "VA") Rating Decision dated February 25, 2002, and a letter from the VA dated March 8, 2002. (Doc. 1) The VA Rating Decision reflects that as a result of an appeal of a prior Rating Decision, Plaintiff was assigned a 10% rating for diabetes mellitus with an effective date of March 26, 2001, and was assigned a 100% rating for PTSD with an effective date of December 13, 1993. The March 8, 2002 letter discussed the benefits that Plaintiff would receive as a result of the decision. (Doc. 1).

On August 14, 2008, the undersigned issued an order requiring Plaintiff to file a complaint that complied with Rule 8(a) of the

Federal Rules of Civil Procedure. (Doc. 3). On August 27, 2008, Plaintiff filed an amended complaint (Doc. 4). As best the undersigned can discern, Plaintiff appears to assert that he was previously denied social security disability benefits based on an erroneous VA ruling, that the VA had subsequently changed its ruling, and that Social Security should do likewise. (Doc. 4). Plaintiff also filed a Fact Sheet, another copy of his amended complaint, a VA letter dated September 6, 2001, a portion of a VA Rating Decision, dated August 22, 2001, and six pages of earnings records. (Docs. 9, 17).

## II. <u>Issues on Appeal</u>

    A.    Whether the ALJ's finding that a prior ALJ decision was not re-opened is subject to judicial review.

    B.    Whether substantial evidence supports the ALJ's decision denying benefits.

## III. <u>Background Facts</u>

Plaintiff was born on July 18, 1948 and was 58 years old at the time of the administrative hearing (Tr. 24, 44, 479). He testified that he has received a VA pension of $2,250 since 1994 for a mental condition, and has been classified as 100 percent disabled since that time. (Tr. 479-480). He further testified that he was hospitalized at the VA hospital in 1995 and 1996 for a mental condition. (Tr. 481). According to Plaintiff, he left the military in 1966, and "got into a lot of negative activities." (Tr. 481). He stated that he then found out there were clinics

that could help him, and that he started taking medication that calmed him down. (Tr. 480).

## IV. Analysis

### A. Standard of Review

In reviewing claims brought under the Act, this Court's role is a limited one. This Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).[1] A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (finding that substantial evidence is defined as "more than a scintilla but less than a preponderance," and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[]"). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Chester v. Bowen, 792

---

[1]This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

4

F.2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. DIST. LEXIS 10163 (S.D. Ala. June 14, 1999).

**B.   Discussion**

An individual who applies for Social Security disability benefits must prove his disability.  20 C.F.R. §§ 404.1512, 416.912.  Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 404.1505(a), 416.905(a).  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.[2]

---

[2] The claimant must first prove that he or she has not engaged in substantial gainful activity.  The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; (4) the claimant's age, education and work history.  Id. at 1005.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in

5

In the case sub judice, the ALJ observed that Plaintiff previously filed, on August 31, 1994, an application for disability benefits which was denied by ALJ Ragland in a decision dated March 1, 1996, and that Plaintiff did not appeal that denial. ALJ Smith further noted that Plaintiff filed two more applications, in November 2001 and November 2002, which were denied by the Social Security Administration, based on the doctrine of res judicata. ALJ Smith determined that since Plaintiff submitted new evidence from the VA regarding his service-connected disability, and since the regulations regarding mental impairments had changed since ALJ Ragland's decision dated March 1, 1996, Plaintiff's current application was not barred by res judicata. (Tr. 17). ALJ Smith also determined that Plaintiff last met the non-disability requirements for a period of disability and disability insurance benefits, and was last insured for benefits on March 31, 1992. (Tr. 15). ALJ Smith concluded that given that Plaintiff's date last insured was March 31, 1992, and that 20 C.F.R. 404.987 through 404.989 set time limits for reopening applications, ALJ Ragland's decision dated

---

significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

6

March 1, 1996 was not subject to reopening because Plaintiff's current application was clearly outside the time limits set for reopening. (Tr. 18)

In the alternative, ALJ Smith concluded that although Plaintiff had the medically determinable impairments of PTSD, type II diabetes secondary to herbicide exposure and obesity on March 31, 1992, his date last insured, there is no evidence in the record that establishes the presence of an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months. Thus, he found that Plaintiff did not have a severe impairment or combination of impairments through March 31, 1992, his date last insured, and as a result, was not under a disability as defined in the Social Security Act at any time through his date last insured. (Tr. 19).

The record consists of various documents from the VA which detail Plaintiff's medical treatment over a lengthy period. However, none of the documents pertain to the period in question. The earliest documents included in the record are from January 1994, some 8 months after March 31,1992, Plaintiff's date last insured and alleged onset date.

A review of those documents from 1994 shows that Plaintiff was treated at Mobile's VA Outpatient Clinic at least twelve times during 1994, and that several of those visits were at the Mental

7

Health Center. (Tr. 159-160, 324, 463). Also included in the records are the results of a knee x-ray on July 5, 1994, which showed moderate degenerative changes bilaterally, slightly greater on the right than the left, and joint effusion bilaterally. (Tr. 269). Additionally, the documents reflect that a chest x-ray on January 24, 1994 was normal. (Tr. 269-270).

The record also contains a VA Rating Decision dated February 25, 2002, and a letter from the VA dated March 8, 2002. According to the VA Rating Decision, Plaintiff has a 10 percent service-connected disability, based on diabetes mellitus, type 2, effective March 26, 2001, and a 100 percent disabled service-connected disability, based on PTSD, effective December 13, 1993. In the statement of facts in this determination, the VA refers to VA mental status examinations on March 23, 1994 and August 25, 1997, and to Plaintiff's hospitalization from February 3, 1998 to April 10, 1998 for treatment of PTSD. Also included in the statement is the report of a VA examination on June 27, 2001, which states that Plaintiff reported that he was divorced from his wife because of his PTSD, and that Plaintiff had not provided that information to the VA. The VA Rating Decision states that based on this evidence, Plaintiff's effective date for Plaintiff's PTSD was amended from an effective date of October 8, 1999 to an effective date of December 13, 1993, the date his initial claim was received by the VA. The March 2002 letter merely sets forth

the amount of benefits he can expect to receive. (Tr. 69-75).

1. **<u>Whether the ALJ's finding that a prior ALJ decision was not re-opened is subject to judicial review</u>**.

While not specifically raised by Plaintiff, Defendant addresses the issue of whether Plaintiff's current application effectively reopens a final unfavorable decision by ALJ Ragland in March 1996, which was not appealed. According to Defendant, Plaintiff does not meet any of the criteria that would compel the agency to reopen his claim at this time.

In determining that ALJ Ragland's March 1996 decision is not reopened by the current application, ALJ Smith stated as follows:

> Sections 404.987 through 404.989 provide, in part, that a decision or determination which has become final and binding may be reopened under the following circumstances:
>
> 1. Within 12 months of the date of the notice of the initial determination for any reason;
>
> 2. Within four years of the date of the notice of the initial determination if good cause is found;
>
>    or
>
> 3. At any time if fraud or similar fault is involved or any other specific condition set forth in 20 CFR 404.988( c) is met.
>
> The regulations provide that good cause will be found where (1) new and material evidence is furnished; (2) there is a clerical error in the computation or recomputation of benefits; or (3) there is error on the face of the evidence on which such determination or decision was based.
>
> The claimant is clearly outside the time limits for reopening as described above. I find no evidence that establishes the presence of fraud, similar fault or other conditions specified in 20 CFR 404-988( c). Given the

9

near 10-year gap between the claimant's initial denial in 1994 and his current application, his March 31, 1992 date last insured and the administrative law judge decision published on March 1, 1996, I conclude that there is no regulatory basis to reopen Judge Ragland's decision. As such, I find that Judge Ragland's decision is the Commissioner's final and binding decision on all matters related to the claimant's alleged disability through March 1, 1996, and the decision is not subject to reopening or revision.

(Tr. 17-18).

The Commissioner can reopen and revise a final determination on his own initiative. 20 C.F.R. § 404.987(b). He may do so within a year for any reason, within four years for good cause, and at any time for certain enumerated reasons[3]. 20 C.F.R. § 404.988; *see also* 20 C.F.R. § 404.989(a) (defining good cause as new and material evidence, clerical error in benefit computation, or clear error on the face of the decision).

The Court's jurisdiction over the present action is governed by 42 U.S.C. § 405(g), which provides for judicial review only of "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). As a general matter, district courts do not have jurisdiction over the [Commissioner's] refusal to reopen a claim since such a decision is not a "final decision" within the meaning of 42 U.S.C. § 405(g). Califano v. Sanders, 430 U.S. 99, 107-108, 97 S.Ct. 980, 985-86, 51 L. Ed. 2d 192 (1977);

---

[3]A claim may be reopened at any time for one of eleven fact-specific reasons that do not apply to this case. 20 C.F.R. § 404.988(c)(1)-(11).

Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996); Stone v. Heckler, 778 F.2d 645, 646-647 (11th Cir. 1985). However, there is jurisdiction where a plaintiff challenges the Commissioner's decision on constitutional grounds. Califano, supra, 430 U.S. at 109. Additionally, the Eleventh Circuit has noted that the "law is well established that judicial review under § 405(g) is available when a social security claim is in fact reopened and reconsidered on the merits to any extent at any administrative level." Macon v. Sullivan, 929 F.2d 1524, 1529 (11th Cir. 1991).

In the case sub judice, the ALJ held that res judicata did not apply to the denial of Plaintiff's prior applications, and that given the ten year gap between Plaintiff's initial denial in 1994 and his current application, the fact that he was last insured on March 31, 1992, and ALJ Ragland's decision dated March 1, 1996, there was no regulatory basis to reopen ALJ Ragland's decision. The ALJ then went on to consider the merits of Plaintiff's claims, which alleged a disability dating back to March 31, 1992, and held that there was no medical evidence in the record to establish the presence of a "severe" impairment or combination of impairments on or before March 31, 1992, Plaintiff's date last insured.

Upon consideration of the record evidence, the undersigned finds that assuming *arguendo* that a de facto reopening occurred based on the ALJ's alternative findings, his decision that Plaintiff was not under a disability as defined by the Social

Security Act at any time through March 31, 1992 is supported by substantial evidence. As noted supra, in Plaintiff's Amended Complaint, he essentially argues that he is entitled to disability benefits because he was previously denied benefits based on a VA determination that was later revised to grant him 100 percent VA disability. According to Plaintiff, based on that VA revision, the SSA should find him disabled. (Doc. 4 at 1).

Defendant responds that the only evidence presented by Plaintiff in support of his claim for disability benefits postdates his date last insured by nearly two years. He further argues that the VA decision, which is relied upon by Plaintiff, is dated six years after Plaintiff's date last insured, and that the VA decision that found Plaintiff disabled as of December 1998, is dated eighteen months after his date last insured. According to Defendant, Plaintiff has not carried his burden of proving he was disabled prior to his date last insured.

In finding that Plaintiff did not meet his burden of showing that he was disabled during the period of consideration, ALJ Smith stated the following:

> [I] also find that there is simply no medical evidence that confirms the existence of an impairment, or combination of impairments, that resulted in more than minimal functional limitations prior to March 31, 1992. Such an impairment or combination of impairments must be either expected to result in death or "it must have lasted or must be expected to last for a continuous period of at least twelve months.". . . The statement of a claimant is not sufficient to establish the existence of an impairment . . . . There must be an abnormality

12

> shown by medically acceptable clinical and laboratory techniques.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> There is a glaring absence of radiographic studies, laboratory analyses and physical/mental evaluations on or before March 31, 1992 establishing any significant disease process that could reasonably be expected to inhibit the claimant's functional capacity.

(Tr. 18).

To qualify for a period of disability and disability insurance benefits, a Plaintiff must prove that he has a medically determinable impairment or impairments that are severe enough to be disabling, and that the impairment became disabling while he was insured for disability purposes. <u>Benjamin v. Apfel</u>, 2000 U.S. Dist. LEXIS 13752, at *9 (S.D. Ala., Aug. 2, 2000). Additionally, the mere onset or diagnosis of a disease does not establish that it became disabling prior to the expiration of a Plaintiff's insured status. <u>Natale, v, Commissioner of Social Security</u>, 2008 U.S. Dist. LEXIS 5717, *13, (M.D. Fla. Jan. 25, 2008).

In this case, the date Plaintiff was last insured is March 31, 1992. (Tr. 49). Plaintiff relies on VA Rating Decisions dated August 22, 2001 (Doc. 9 at 5), September 6, 2001 (Doc. 9 at 3-4), February 25, 2002 (Doc. 1 at 1-3), and March 8, 2002 (Doc. 1 at 5-8) as supporting his claim; however, those documents relate to the VA's findings of 100 percent disability, effective December 13, 1993, some twenty months after the expiration of Plaintiff's insured status. There is no evidence that Plaintiff experienced

any functional limitations of any sort prior to his date last insured. Accordingly, substantial evidence supports the ALJ determination that Plaintiff failed to meet his burden of showing that he had a severe medically determinable impairment or impairments that were disabling while he was insured for disability purposes.

## V. Conclusion

For the reasons set forth, and upon consideration of the administrative record and memoranda of the parties, it is **RECOMMENDED** that the decision of the Commissioner of Social Security, denying Plaintiff's claim for period of disability and disability income benefits be **AFFIRMED.**

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **4th** day of **February, 2010.**

                                      **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen

---

[4]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

(14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                    **/s/ SONJA F. BIVINS**
                                                    **UNITED STATES MAGISTRATE JUDGE**